**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-40861

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE JESUS ECHEGOLLÉN-BARRUETA,
a/k/a Chucho, a/k/a Ricardo Gonzalez-Giron, a/k/a Jesus Arriaga,
a/k/a Jose Castellanos-Mujica, a/k/a Ricardo Gonzalez, a/k/a Jose
Luis Martinez-Sanchez, a/k/a Jose Luis Martinez, a/k/a Jose Enrique
Castellanos,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas

November 10, 1999

Before EMILIO M. GARZA and PARKER, Circuit Judges and COBB,
District Judge.[*]

ROBERT M. PARKER, Circuit Judge:

Appellant, Jose Jesus Echegollén-Barrueta ("Echegollén")
appeals the sentence arising from his guilty plea to conspiracy to
launder money in violation of 8 U.S.C. § 1956(a)(b)(B)(I) and

---

[*]Federal Judge of the Eastern District of Texas, sitting by
designation.

1

conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. We vacate Appellant's sentence and remand for resentencing.

FACTS AND PROCEDURAL BACKGROUND

Echegollén's third superseding indictment charged five counts of drug, conspiracy and related money-laundering offenses, as well as one count of criminal forfeiture. Two co-defendants were named in the two conspiracy counts and in the forfeiture count.

Echegollén pleaded guilty to the two conspiracy counts and acquiesced in the forfeitures pursuant to a written plea agreement. In exchange for Echegollén's guilty plea, the Government agreed to dismiss the remaining counts, and to recommend a three-level reduction in guideline level for acceptance of responsibility, a three-level increase for his supervisory role in the offense and a sentence at the lower end of the guideline range. The parties stipulated to a statement of facts, which set out Echegollén's involvement in extensive international money-laundering on behalf of large-scale Mexican cocaine dealers. Echegollén agreed to cooperate with law enforcement in exchange for a possible later sentence reduction under Federal Rule of Criminal Procedure 35(b).

After the Pre-Sentence Investigation Report (PSI) and objections were filed, the probation office filed an addendum to the PSI alleging that Echegollén had attempted to escape from jail by bribing a guard. In the addendum, the probation office recomputed the guideline range, withdrawing its recommendation of

2

the three-level downward adjustment for acceptance of responsibility, and recommending an upward adjustment of two levels for obstruction of justice. As a result, Echegollén's guideline range changed from offense level 38, with a sentencing range of 235-293 months, to offense level 43, with a sentence of life in prison.

On June 30, 1997, the case was called for sentencing. The district court conducted an evidentiary hearing on the obstruction allegation, rejected Echegollén's version of the facts (that he was trying to ensnare a corrupt guard to fulfill his agreement to cooperate with the government), and sentenced Echegollén to life in prison without parole.

## ACCEPTANCE OF RESPONSIBILITY

Echegollén argues that the prosecutor breached the plea agreement by failing to recommend a three-level downward adjustment in the guideline range for acceptance of responsibility and a sentence of 235 months in prison. In fact, the Government recommended the agreed-on acceptance of responsibility adjustment. The prosecutor's silence on the question after the court ruled that Echegollén had obstructed justice is not a breach of the agreement.

Echegollén also contends that the district court erred in denying the three-level acceptance of responsibility adjustment. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great

3

deference on review." U.S.Sentencing Guidelines Manual § 3E1.1, comment. (n.5)(1995). At the sentencing hearing, in response to Echegollén urging his entitlement to an acceptance of responsibility adjustment, the district court stated that "once you find obstruction of justice, you cannot give that three points [for acceptance of responsibility]." Echegollén then cited the district court to an exception to that general rule found in § 3E1.1, comment. (n.4), which allows adjustments under both § 3C1.1, obstruction of justice and § 3E1.1, acceptance of responsibility in "extraordinary cases." The district court's rejection of Echegollén's position that his was such a case was not error.

DEPARTURE

Echegollén contends that the district court erred in denying his motion for downward departure because he did not appreciate the scope of his authority to depart downward. Echegollén's argument assumes that the district court's comments made in the context of ruling on a co-defendant's request for departure formed the basis for the denial of departure in Echegollén's case. That assumption is not supported by the record. We therefore find no error in the district court's denial of Echegollén's motion for departure.

DENIAL OF ALLOCUTION

Echegollén contends that he was denied his right of allocution at sentencing as provided in Federal Rule of Criminal Procedure 32, and his right to the assistance of counsel, when the district court imposed a life sentence without having first afforded either him or

4

his counsel the opportunity to speak in mitigation of punishment.

"Before imposing sentence, the court must . . . address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of sentence[.]" FED. R. CRIM. P. 32 (c)(3)(C).  This court reviews *de novo* whether a district court complied with Rule 32(c)(3)(C).  *See United States v. Myers*, 150 F.3d 459, 461 (5th Cir. 1998).  The rule envisions a personal colloquy between the sentencing judge and the defendant.  *See id.*  The sentencing court "should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."  *United States v. Washington*, 44 F.3d 1271, 1276 (5th Cir. 1995)(citing *Green v. United States,* 365 U.S. 301, 305 (1961)).  In this circuit, the district court's failure to comply with Rule 32(c)(3)(C) is not subject to Federal Rule of Criminal Procedure 52's harmless or plain error provision.  *See Myers*, 150 F.3d at 462-64.  Consequently, we do not concern ourselves with the parties' arguments concerning Echegollén's failure to object to the Rule 32 violations at trial and the potential for a different outcome on remand after the district court hears allocution.

The Government contends that the district court afforded Echegollén the right of allocution in compliance with Rule 32(c)(3)(C). After the evidentiary hearing on Echegollén's alleged escape attempt, the district court found that Echegollén "did in

5

fact, from the evidence before me, engage[] in obstruction of justice." Then, personally addressing Echegollén, the district court asked, "Do you have anything to say to me before I decide what to do in your case?" Echegollén, who had not testified at the hearing on the obstruction issue, responded by arguing that he had not attempted to escape. The district court replied, "You see, I have not found that to be a fact, sir. I have no evidence to that effect, you understand. Do you have anything else to say to me?" Echegollén spoke once again about his role in the alleged escape. The court then advised Echegollén that his "problem" was not the alleged escape, but "that to which you admitted and pled guilty earlier." The court went on to discuss the forfeiture, then to impose sentence. Echegollén did not speak again.

The question presented by this case is whether Rule 32 is violated when the district court personally addresses a defendant, arguably in compliance with Rule 32's requirements, asking twice whether he has "anything to say," but the defendant's answers demonstrate that he may have misunderstood the question, believing that he was being asked to address a factual issue before the court instead of being given an opportunity for allocution. "Even where the judge satisfies the specifics of Rule 32, we must still assure ourselves that the compliance was not merely in form." *United States v. Sparrow*, 673 F.2d 862, 865 (5th Cir. 1982). "To comply with Rule 32, it is not enough that the sentencing court addresses

6

a defendant on a particular issue, affords counsel the right to speak, or hears the defendant's specific objections to the presence report." *Myers*, 150 F.3d at 462 n.3 (citing *United States v. De Alba Pagan*, 33 F.3d 125, 129 (1st Cir. 1994)). "[T]he court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." *Id*. at 462 (quoting *De Alba Pagan*, 33 F.3d at 129). We find, based on this chiaroscuro record,[1] that the trial judge did not communicate unequivocally to Echegollén his right to allocution. We must therefore vacate the sentence and remand for re-sentencing.

Echegollén argues that, compounding this error, defense counsel was not invited to speak on his behalf prior to sentencing. Federal Rule of Criminal Procedure 32(c)(3)(B) provides that before imposing sentence, the court must "afford defendant's counsel an opportunity to speak on behalf of the defendant[.]" The government suggests that the district court satisfied its obligation under Rule 32(c)(3)(B) when its asked, "Anything else before the court that would touch upon the sentencing matter?" The Government also urges that the argument concerning acceptance of responsibility

---

[1]An extraordinarily apt descriptive term, used by Judge Selya in *De Alba Pagan*, 33 F.3d at 127, to highlight the recurring problem encountered by appellate courts in determining from a cold record what actually happened in the courtroom.

7

made by Echegollén's counsel after sentence was pronounced satisfies Rule 32(c)(3)(B). Echegollén answers that the referenced query came in the middle of the court's disposition of the hearing on whether there was obstruction of justice and can only be understood as inquiring whether or not there were other guideline objections or similar issues remaining to be resolved and that the post-sentencing discussion did not cure the error.

Our consideration of this issue is somewhat complicated by the fact that no objection based on denial of counsel's opportunity to speak in mitigation of sentence was made in the district court by either the Government[2] or the defendant. This Circuit has not addressed whether Federal Rule of Criminal Procedure 52's plain error standard applies to Rule 32(c)(3)(B) errors. Because reversal is mandated on the basis of the Rule 32(c)(3)(C) error, we decline to reach the closer question of whether Echegollén is entitled to reversal on an Rule 32(c)(3)(B) error to which he failed to object.

CONCLUSION

Based on the foregoing, we vacate Echegollén's sentence and

---

[2]The Government has both an obligation and an interest in insuring that a guilty plea proceeding complies with all constitutional and statutory requirements. *See generally, United States v. Shanahan*, 574 F.2d 1228, 1231 ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty . . . whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.")(quoting *Berger v. United States*, 295 U.S. 78, 88 (1935).

remand for re-sentencing.

        VACATED and REMANDED.