IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40843
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CESAR HERNANDEZ-PINEDA,
also known as Gustavo Angel Garcia,
also known as Joaquin Gutierrez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-621-1
--------------------
March 14, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Hernandez-Pineda appeals on the sole ground that the district court did not afford him the right to allocution before imposing sentence. The Government agrees that the sentence should be vacated and the case remanded so that Hernandez-Pineda may be afforded the right to allocution.

The district court shall, before imposing sentence, address the defendant personally and ask whether he wishes to make a statement in his behalf and to present information in mitigation of sentence. *See* Fed. R. Crim. Proc. 32(a)(1)(C) (West 1999). The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing court must "leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *United States v. Echegollen-Barrueta*, 195 F.3d 786, 789 (5th Cir. 1999) (internal quotations and citation omitted). We review the record *de novo* to determine whether the district court afforded the defendant the right to allocution; the issue is not subject to harmless or plain error analysis. *See Echegollen-Barrueta*, 195 F.3d at 789.

The record demonstrates that the district court did not comply with Rule 32(a)(1)(C). Accordingly, Hernandez-Pineda's sentence is VACATED and the case is REMANDED for resentencing.

VACATED and REMANDED.