IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30907
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BILLY WAYNE SHAVERS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-50016-1
--------------------
June 15, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Billy Wayne Shavers appeals his sentence for being a
convicted felon in possession of a firearm, in violation of 18
U.S.C. § 922(g)(1). In particular, Shavers contends that 1) the
district court erred in relying upon the hearsay testimony of a
government witness to determine the number of weapons involved in
the offense pursuant to U.S.S.G. § 2K2.1(b)(1), and 2) the
district court clearly erred in denying an offense-level
reduction for acceptance of responsibility under

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 3E1.1. Shavers asserts that, had the district court not felt bound by the guidelines to deny the reduction, the reduction would have been granted. Because Shavers' first argument is raised for the first time on appeal, we review for plain error.

We have reviewed the record and briefs submitted by the parties and find that the district court did not plainly err in relying upon the government witness' testimony and the PSR to determine the number of weapons involved in the offense. See Commentary to U.S.S.G. § 6A1.3; United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994); United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991).

Although the district court may have believed it could not award a reduction for acceptance of responsibility because of the obstruction of justice assessment, there was no error since the district court was advised of the extraordinary case exception at sentencing, and this case is not otherwise extraordinary. See United States v. Tremelling, 43 F.3d 148, 152 (5th Cir. 1995); United States v. Echegollen-Barrueta, 195 F.3d 786, 788 (5th Cir. 1999); United States v. Lujan-Sauceda, 187 F.3d 451, 452 (5th Cir. 1999).

AFFIRMED.