IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-41033
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

                      versus

GABRIEL ESCALERA-DIAZ, also
known as Rene Delgado-Diaz,

                                              Defendant-Appellant.

*****************************************************************

Consolidated with

_____

No. 99-41091
_____


UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

                      versus

GABRIEL ESCALERA,

                                              Defendant-Appellant.
_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. B-99-CR-202-0
USDC No. B-96-CR-145-1
_____

July 11, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gabriel Escalera-Diaz asserts only that the district court did not afford him the right of allocution before imposing sentence on his conviction for violating 8 U.S.C. § 1326(a) & (b) and before imposing sentence on the revocation of supervised release. The government agrees that the sentences should be vacated and the cases remanded so that Escalera-Diaz may be afforded the right of allocution.

The district court shall, before imposing sentence, "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." Fed. R. Crim. P. 32(c)(3)(C) (West 2000). In sentencing upon revocation of supervised release, the defendant is entitled to the right of allocution. See United States v. Rodriquez, 23 F.3d 919, 921 (5th Cir. 1994).

The issue of the denial of the right to allocution is not subject to harmless or plain error analysis. See United States v. Echegollen-Barrueta, 195 F.3d 786, 789 (5th Cir. 1999). We review the record *de novo* to determine whether the district court afforded a defendant the right to allocution. Id.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

The record demonstrates that the district court did not comply with Rule 32(c)(3)(C).  Accordingly, Escalera-Diaz's sentences are VACATED and the cases are REMANDED for resentencing.

VACATED and REMANDED.

3