IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41123
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO LUIS-VASQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-225-1
--------------------
July 18, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this direct criminal appeal, Alfredo Luis-Vasquez argues that the district court did not afford him the right to allocution before sentencing him to 77 months of imprisonment upon his guilty plea to illegal reentry after deportation. He also argues that defense counsel was not afforded the opportunity to speak on Luis-Vasquez' behalf.

Rule 32 of the Federal Rules of Criminal Procedure mandates that a defendant be given the opportunity "to make a statement

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and [] present any information in mitigation of sentence." Fed. R. Crim. P. 32(c)(3)(C); United States v. Myers, 150 F.3d 459, 462 (5th Cir. 1998). To comply with Rule 32, "the court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." Myers, 150 F.3d at 462. It is not enough that the sentencing court addresses a defendant on a particular issue, affords counsel the right to speak, or hears the defendant's specific objections to the presentence report. Id. at 461-62 & n.3. We review a determination whether the defendant was allowed his right to allocution de novo. Id. at 461.

A review of the sentencing transcript reveals that the district court did not afford Luis-Vasquez his right to allocution. Accordingly, Luis-Vasquez' sentence is VACATED, and the case is REMANDED for resentencing so that Luis-Vasquez may exercise his right to allocution. Because we reverse on the allocution error, we need not address whether the district court committed reversible error by failing to invite defense counsel to speak on behalf of Luis-Vasquez prior to sentencing. See United States v. Echegollen-Barrueta, 195 F.3d 786, 790 (5th Cir. 1999).

VACATED and REMANDED for resentencing.