IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40167
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ERNESTO HERNANDEZ-JAIMEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-cr-856-ALL
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this direct criminal appeal, Ernesto Hernandez-Jaimez asserts only that the district court did not afford him the right of allocution before imposing sentence on his conviction for violating 8 U.S.C. § 1326.  The Government agrees that the sentence should be vacated and the case remanded so that Hernandez-Jaimez may be afforded the right of allocution.

The district court shall, before imposing sentence, "address the defendant personally and determine whether the defendant

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

wishes to make a statement and to present any information in mitigation of the sentence." Fed. R. Crim. P. 32(c)(3)(C) (West 2000). The issue of the denial of the right to allocution is not subject to harmless or plain error analysis. See United States v. Echegollen-Barrueta, 195 F.3d 786, 789 (5th Cir. 1999). We review the record *de novo* to determine whether the district court afforded a defendant the right to allocution. Id.

The record demonstrates that the district court did not comply with Fed. R. Crim. Proc. 32(c)(3)(C). Accordingly, Hernandez-Jaimez's sentence is VACATED and the case is REMANDED for resentencing.

VACATED and REMANDED.