IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40741
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERBER FRANCISCO SURIANO-HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-103-1
_____
February 23, 2001

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Gerber Francisco Suriano-Hernandez appeals his conviction and sentence

from a guilty plea for illegal reentry following a prior deportation.[1]  Suriano

contends that the felony conviction that resulted in his increased sentence under 8

U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]8 U.S.C. § 1326.

the indictment.  He acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>,[2] but he seeks to preserve the issue for Supreme Court review in light of <u>Apprendi v. New Jersey</u>.[3]  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u> and this argument, therefore, is foreclosed.[4]

Suriano also maintains that the district court denied his right to allocution. [5] The Government acknowledges that the court failed in this regard and that the sentence should be vacated and the case remanded to allow Suriano an opportunity at resentencing to speak on his own behalf.[6]  Accordingly, Suriano's sentence is VACATED and the case is REMANDED for resentencing.

---

[2]523 U.S. 224 (1998).

[3] 120 S. Ct. 2348 (2000).

[4]<u>Apprendi</u>, 120 S. Ct. at 2361-62 & n.15; <u>Almendarez-Torres</u>, 523 U.S. at 235.

[5]FED. R. CRIM. P. 32(c)(3)(C); <u>United States v. Myers</u>, 150 F.3d 459 (5th Cir. 1998).

[6]<u>United States v. Echegollen-Barrueta</u>, 195 F.3d 786 (5th Cir. 1999).