# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2008

Charles R. Fulbruge III
Clerk

No. 05-40393
Summary Calendar

UNITED STATES OF AMERICA

                    Plaintiff-Appellee

v.

DANIEL VALLES MARTINEZ

                    Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-73-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Daniel Valles Martinez appeals from his jury-trial conviction for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. Martinez has filed (1) a pro se motion to relieve his appointed counsel and proceed pro se and (2) a pro se motion to appoint substitute counsel, or in the alternative, proceed pro se. Those pro se motions are denied because Martinez has failed to make a sufficient showing under Section 5(b) of the Fifth Circuit Plan under the Criminal Justice Act and because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

they are untimely. Cf. United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir. 1998). Martinez's counsel's motion for leave to file a supplemental argument brief which supersedes in whole his original argument brief is granted.

Martinez asserts that the application of United States v. Booker, 543 U.S. 220 (2005), to his sentence violated the Sixth Amendment and ex post facto principles because he committed the instant offense prior to the issuance of Booker. That assertion is foreclosed by Booker, 543 U.S. at 268, and by our holding in United States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005).

Martinez contends that the district court erred by attributing an additional 2.05 kilograms of methamphetamine to him as relevant conduct when the jury specifically held that he was responsible for only 907.2 grams of methamphetamine. The record indicates that the trial testimony regarding the additional 2.05 kilograms of methamphetamine was not offered as part of the conspiracy charge, and the jury was therefore not able to make a finding as to that additional amount. Martinez's argument that the district court erred in finding by a preponderance of the evidence that the additional 2.05 kilograms of methamphetamine was attributable to him as relevant conduct is foreclosed by our holding in United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Martinez has failed to provide support for his insistence that the trial testimony regarding the additional 2.05 kilograms of methamphetamine lacked sufficient indicia of reliability. See United States v. Alfaro, 919 F.2d 962, 966 (5th Cir. 1990).

Martinez advances that he was denied the opportunity for allocution at sentencing, conceding, however, that his failure to object on this basis in district court warrants only plain-error review. See United States v. Olano, 507 U.S. 725, 731-36 (1993). Our examination of the sentencing transcript reveals that Martinez was denied his right to allocution, as required by Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure. See United States v. Echegollen-Barrueta, 195 F.3d 786, 789 (5th Cir. 1999). And, as Martinez was sentenced to

the middle of the applicable guidelines range, we presume that his substantial rights were affected by this error. United States v. Magwood, 445 F.3d 826, 829 (5th Cir. 2006). Martinez has failed, however, to meet his burden of showing "some objective basis that would have moved the trial court to grant a lower sentence." Id. at 830 (internal quotation marks and citation omitted). Moreover, a thorough review of the record, as required by United States v. Reyna, 358 F.3d 344, 353 (5th Cir. 2004) (en banc), indicates that, based on the facts of this particular case, we should not exercise our discretion to correct this error. See Olano, 507 U.S. at 735-36.

Accordingly, the district court's judgment is affirmed.

PRO SE MOTION TO RELIEVE APPOINTED COUNSEL AND PROCEED PRO SE DENIED; PRO SE MOTION TO APPOINT SUBSTITUTE COUNSEL, OR IN THE ALTERNATIVE, PROCEED PRO SE DENIED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; AFFIRMED.