**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2011

Lyle W. Cayce
Clerk

No. 10-40051

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS ROMERO YESCAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:09-CR-1749

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Juan Carlos Romero Yescas contends that the district court denied him his right to allocute at sentencing when it failed to renew its initial offer to speak. Following *United States v. Washington*, 44 F.3d 1271 (5th Cir. 1995), we find no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40051

error and affirm the judgment of sentence.

I.

Romero Yescas pleaded guilty of being unlawfully found in the United States after having been previously removed under 8 U.S.C. § 1326(a) and (b)(2). At sentencing, he was represented by Tito Alfaro. The district court told Romero Yescas that, "[a]s you have witnessed earlier, you have a right to speak about your sentence and your lawyer has the right to speak about your sentence and the government's lawyer has the right to speak. As between you and Mr. Alfaro, who shall go first?" Alfaro volunteered to speak first, and Romero Yescas verbally agreed.

After Alfaro spoke, the prosecutor responded, and a short colloquy ensued between the two lawyers concerning the extent to which a prior conviction showed a propensity for violence. After a minute or two, the court broke in and said, "Gentlemen, I—I've heard enough and I've read enough where I think I'm ready to sentence him." After several questions to the lawyers, the court then said, "[t]he sentence—I'm—I'm done" and sentenced Romero Yescas without addressing him again to give him a chance to speak. Romero Yescas argues that the court denied him the right to allocute before sentencing.

II.

Because Romero Yescas did not object to the alleged failure to let him allocute, we apply plain-error review. *See United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004). First, we ask whether the district court committed plain error that affected Romero Yescas's substantial rights. *Id.* If so, we will correct that error only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

2

No. 10-40051

Federal Rule of Criminal Procedure 32(i)(4) requires the court, before imposing sentence, to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." To satisfy that rule, "the court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." *United States v. Echegollen-Barrueta*, 195 F.3d 786, 789 (5th Cir. 1999) (quoting *United States v. Myers*, 150 F.3d 459, 462 (5th Cir. 1998)). The court must communicate "unequivocally" that the defendant has the right to allocute by making a personal inquiry directed to the defendant, not his counsel. *United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006).

Although the court unequivocally informed Romero Yescas that he had "a right to speak about [his] sentence" and asked whether he or his attorney would speak first, it failed to give Romero Yescas another opportunity to speak after the attorney did so. We confronted a similar situation in *United States v. Washington*, 44 F.3d 1271 (5th Cir. 1995).

In *Washington*, the district court told the defendant that "[b]efore sentence is imposed, I'll hear from [the defendant] and [his attorney]." *Id.* at 1276 (first alteration in original). The court then asked who would speak first, and the lawyer proceeded to plead for a lower sentence. *Id.* Although it is evident that the court intended to return to the defendant to allow him to speak, it failed to do so, instead proceeding directly to sentencing. *Id.* at 1277. We held that "a district judge's failure to renew a previous offer of allocution does not violate Rule 32," particularly where the defendant "could not have helped but understand that he had been issued a personal invitation by the trial judge." *Id.* (citing *United States v. Franklin*, 902 F.2d 501, 507 (7th Cir. 1990)). *Washington* informs the conclusion here that the district court did not err by failing to renew its previous offer of allocution.

3

No. 10-40051

Romero Yescas makes three arguments in an attempt to distinguish *Washington*. First, he notes that Alfaro indicated that Romero Yescas wanted to allocute, by telling the court that he would "go first," thus implying that Romero Yescas would "go second." If so, that merely supports the conclusion that Romero Yescas understood that he had the right to allocute and that the court fulfilled its duty with its first offer to him.

Second, Romero Yescas contends that the court cut off further discussion by saying, "Gentlemen, I—I've heard enough and I've read enough where I think I'm ready to sentence him," and "[t]he sentence—I'm—I'm done." Read as a whole, however, the transcript indicates that those statements served merely to indicate to the attorneys that they should cease their argument about the weight to be assigned to the previous conviction. The court did not direct the statements to Romero Yescas or cut him off while he was speaking or indicate that the previous invitation to allocute was not open.

Third, Romero Yescas points out that after sentencing, he told the court that he thought the sentence was too long. He asks us to infer that he wanted to say something about the sentence. We decline to adopt that inference.

In context, the court asked Romero Yescas whether he had "[a]ny other questions" about the sentence, to which he replied, "No. That's a lot of time. I want to appeal if there is no problem." Far from indicating that he had more to say about the sentence, that colloquy shows that Romero Yescas declined a further invitation to speak, instead satisfying himself with the prospect of an appeal. In any event, his statements after sentencing are irrelevant to whether the court gave him the required opportunity to allocute before sentencing.

Romero Yescas's attempt to distinguish *Washington* is unavailing. There is no plain error. The judgment of sentence is AFFIRMED.

4