# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50230
c/w 18-50251

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

BENEDICTO LAZARO-LOPEZ,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-485-1
USDC No. 2:17-CR-745-1

Before STEWART, Chief Judge, and DAVIS and ELROD, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Benedicto Lazaro-Lopez contends that the district court erred in failing to give him an opportunity to allocute before it rendered a 48-month sentence. So Lazaro-Lopez now appeals his consecutive sentences for (1) illegal reentry and (2) violation of terms of supervised release arising from a prior illegal reentry conviction. The Government concedes that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred by not providing Lazaro-Lopez an opportunity to allocute. The parties, however, dispute whether on plain error review we should exercise our discretion to correct this error by remanding this case for resentencing. After reviewing the record and relevant law, we vacate the sentence and remand this case for resentencing.

## I.

On June 15, 2017, Lazaro-Lopez—who was then on supervised release arising from a 2014 illegal reentry conviction—was indicted for a separate crime of illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). He later pled guilty.

On March 14, 2018, Lazaro-Lopez appeared before the district court for sentencing. Lazaro-Lopez was represented by counsel from the Federal Public Defender's Office, who indicated that Lazaro-Lopez was pleading true to the revocation allegations. The court then revoked his supervised release. Defense counsel agreed that the sentencing guidelines range for the new illegal reentry conviction was 24 to 30 months of imprisonment and that the guidelines range for the revocation and violation of terms of supervised release was 18 to 24 months of imprisonment.

The court then asked defense counsel, "Do you have anything you'd like to say prior to sentencing, or would [the defendant] like to make a statement?" The following exchange occurred:

DEFENSE COUNSEL:      Your Honor, Mr. Lazaro-Lopez came back to the United States because his work has been here. In his country, in the area in which he lives, he has suffered by being accosted by the police. He's been handcuffed, he's been harassed, making [] finding work a lot more difficult. His brother was murdered in June of 2017. And there's been issues regarding some property that

2

No. 18-50230
c/w 18-50251

he owned.  Mr. Lazaro needs to go home as soon as possible to address those issues.  He's the eldest of the family.  He is unmarried and does not support any minor children.

He indicates that he needs to go home, of course, to deal with his brother's property but, also, that his mom needs him. He's the one that provides for her care and support and especially now that she's grieving over the loss of her son. He'd like to go home, collect his mother, and move to a place which is safer, and he would like to do that as quickly as possible.

So he's asking for a sentence as lenient as possible and to run the sentences [con]currently.

THE COURT:    Counsel for the government.

THE GOVERNMENT:        Your Honor, the defendant standing before you has 46 aliases, eight alternative IDs. He was a quick return.  He was deported on April 14th.  He was back June 15th of that year, around two-month interim.  And then, he has, by my count,  eight uncounted criminal convictions: One for breaking and entering, one for attempted larceny, 1998, the sale of cocaine and then, for criminal trespass.

And then, going into his immigration history, this will be his fifth conviction for illegal reentry, your Honor.  He got 42 months last time he was sentenced.  That was insufficient to deter him from coming back to the United States.

So the government would request a guideline range  sentence  to  run  consecutive  to  his revocation sentence.

Immediately after hearing from counsel, the district court imposed a sentence of 30 months for the new illegal reentry and 18 months for violation of terms of supervised release, to run consecutively, for a total of 48 months.

3

No. 18-50230
c/w 18-50251

The court stated: "[M]y reasons [for the sentence] are as stated by the government as to [Defendant's] prior history."

Lazaro-Lopez did not make any statement at the hearing. He now appeals his sentence, arguing that the district court committed reversible plain error by depriving him of the right to allocute.

## II.

We apply plain error review because Lazaro-Lopez failed to raise any objection at his sentencing hearing.[1] Plain error doctrine provides:

> An appellate court may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[2]

## III.

Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) provides: "Before imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence[.]"[3] The Government concedes that the district court erred by

---

[1] *United States v. Reyna*, 358 F.3d 344, 353 (5th Cir. 2004) (en banc).

[2] *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005) (internal quotations and citations omitted); *see also Olano v. United States*, 507 U.S. 725, 732 (1993).

[3] FED. R. CRIM. P. 32(i)(4)(A)(ii). We have held that a sentencing court "'should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.'" *United States v. Avila-Cortez*, 582 F.3d 602, 607 (5th Cir. 2009) (quoting *Green v. United States*, 365 U.S. 301, 305 (1961) (Frankfurter, J., plurality)). That is, we provide a defendant with an opportunity to "ask for mercy, explain his or her conduct, apologize for the crime, or say anything else in an effort to lessen the impending sentence." BLACK'S LAW DICTIONARY 88 (9th ed. 2009). "[I]t is not enough" that the court "affords counsel the right to speak." *United States v. Echegollen-Barrueta*, 195 F.3d 786, 789 (5th Cir. 1999) (citation

4

No. 18-50230
c/w 18-50251

failing to directly invite Lazaro-Lopez to allocute and that such error was plain and affected his substantial rights.[4]   In such case, where the first three elements of plain error review are satisfied, we "will ordinarily remand for resentencing."[5]   "In a limited class of cases," however, we recognize that the failure to provide allocution rights will not affect "the fairness, integrity or public reputation of judicial proceedings," thereby obviating the need for reversal.[6]   "Whether a case falls within this limited class is a 'highly fact-specific inquiry.'"[7]

After "conduct[ing] a thorough review of the record,"[8] we hold that remand is appropriate because Lazaro-Lopez's case does not fall within the limited class of cases where we have recognized that resentencing would clearly be a fruitless exercise.  In *United States v. Reyna*, for example, it was Reyna's "third appearance before this district judge, his second for violations of the terms of his supervised release."[9]   When the district judge sentenced Reyna for his first violation of the supervised-release terms, the judge gave Reyna an option: six months in prison or twelve additional months of

---

omitted).  The court must instead unambiguously address the defendant and offer him the opportunity to allocute.  *Green*, 365 U.S. at 305.

[4] Though the district court announced his sentence immediately after the Government's response, the court did previously ask defense counsel whether Lazaro-Lopez "would [] like to make a statement."  We make no determination whether this statement satisfies a defendant's right to allocute because the Government concedes that "[t]his invitation fell short of the required direct, personal inquiry to the defendant, as to whether he wanted to make a statement."

[5] *Reyna*, 358 F.3d at 353.

[6] *United States v. Gonzalez-Reyes*, 582 F. App'x 302, 304 (5th Cir. 2014) (citing *Reyna*, 358 F.3d at 353).  While our unpublished opinions are not controlling precedent, they may be persuasive authority.  *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citation omitted).

[7] *Gonzalez-Reyes*, 582 F. App'x at 304 (citation omitted).

[8] *Reyna*, 358 F.3d at 353.

[9] *Id.* at 352.

5

supervised release.[10]  The latter option came with an important condition: If Reyna violated his supervised-release terms again, he would automatically get twelve months in prison.[11]  At this prior hearing, Reyna was given an opportunity to allocute, and he chose the twelve-month supervised-release option, accepting the warning against further violations of the supervised-release terms.  Nevertheless, Reyna violated the terms of his supervised release by testing positive for drugs.[12]  The judge therefore imposed the twelve-month sentence without giving Reyna another opportunity to allocute.[13]  It was on these "particular facts"—"unusual facts," we emphasized—that we held that the denial of allocution rights did not affect "the fairness, integrity or public reputation of judicial proceedings," as required by plain-error review.[14]

Also, in *United States v. Chavez-Perez*, we concluded that the defendant failed to meet the fourth plain-error review requirement because he did not provide significant new mitigating information that would have moved the court to grant a lower sentence.[15]  The defendant in that case argued on appeal that, given the opportunity, he would have elaborated on three topics, all of which his attorney had already explained to the sentencing court.[16]  Because the defendant "offer[ed] no specific facts or additional details that he would include in his elaboration of these topics," he failed to meet the fourth requirement of plain-error review.[17]

---

[10] *Id.* at 352–53 & n.7.

[11] *Id.* at 353.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *United States v. Chavez-Perez*, 844 F.3d 540, 545 (5th Cir. 2016).

[16] *Id.*

[17] *Id.*

6

No. 18-50230
c/w 18-50251

Here, Lazaro-Lopez argues that, if permitted to speak, he would have elaborated on the statements his counsel made and would have apologized. The district court explained that its reasons for Lazaro-Lopez's 48-month sentence "are as stated by the government as to [Defendant's] prior [criminal] history." In this regard, Lazaro-Lopez says on appeal that despite his past criminal offenses,[18] he would have explained that "his offenses since 2001 were primarily illegal reentry offenses" and that those offenses reflected "his need for work so that he can help support his mother, and brother Julio, who has Down[] syndrome." Though the Government points out that this information was in the presentence report, the Government does not indicate that the district court had before it the complete story that Lazaro-Lopez wanted to tell. It is unclear whether the presentence report "present[ed] to the court the same quantity or quality of mitigating evidence that [the defendant] would have given had he been able to allocute."[19] Lazaro-Lopez's proffered statements could have weaved these facts together in a manner both logically convincing and personally sincere, which may have potentially led to a lower sentence.

The Government also argues that Lazaro-Lopez previously had an opportunity to allocute in the district court during his sentencing hearing in 2014, which arose from a separate illegal reentry conviction. But that allocution was before a different district judge than the one who sentenced him in this case. So his statements made in 2014 are irrelevant for purposes of his current allocution and sentencing—because this was his first time before the sentencing judge. Furthermore, Lazaro-Lopez claims that he would have apologized for his illegal-reentry offense. Such personal apology is important

---

[18] Lazaro-Lopez's presentence investigation report reveals criminal convictions dating back to 1993, including, *inter alia*, multiple misdemeanor larceny and theft, felony possession and sale of cocaine, and more relevant here, five convictions for illegal reentry.

[19] *Avila-Cortez*, 582 F.3d at 606.

No. 18-50230
c/w 18-50251

in a sentencing hearing because "the most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."[20]    Accordingly, we exercise our discretion and remand for resentencing.[21]

\*    \*    \*

Based on the above reasons, we VACATE the sentence and REMAND this case for resentencing.

**VACATED AND REMANDED.**

---

[20] *Green*, 365 U.S. at 304.

[21] *See Avila-Cortez*, 582 F.3d at 606–07; *see also Gonzalez-Reyes*, 582 F. App'x at 304 (reversing under fourth plain-error prong in part due to no prior allocution); *United States v. Perez*, 460 F. App'x 294, 300–01 (5th Cir. 2012) (same).