**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Christian Daniel GARCIA, also known as Julio Belmares–Garcia, Defendant–Appellant.**

**No. 11–40466**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 5, 2012.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Federal Public

Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM: *

Christian Daniel Garcia appeals his sentence for having been found unlawfully present in the United States following a prior deportation. He asserts that the district court plainly erred by denying him an opportunity for allocution. As the Government concedes, the district court violated Rule 32 of the Federal Rules of Criminal Procedure by failing to allow Garcia an opportunity to address the court before it imposed his sentence. The error was clear or obvious. *See United States v. Reyna,* 358 F.3d 344, 350 (5th Cir.2004) (en banc). We presume that the error violated Garcia's substantial rights because the defense disputed, on several grounds, whether Garcia should receive a downward departure or variance. *See id.* at 352.

In light of the particular facts of this case, we exercise our discretion to correct the error. It occurred during Garcia's initial sentencing and not at a revocation hearing. *See United States v. Avila–Cortez,* 582 F.3d 602, 605–06 (5th Cir.2009); *Reyna,* 358 F.3d at 352. Garcia was given no opportunity to speak before the district court imposed the sentence. *See Avila–Cortez,* 582 F.3d at 607; *United States v. Magwood,* 445 F.3d 826, 829–30 (5th Cir. 2006). The district court personally addressed Garcia only once before imposing the sentence, when it asked at the outset

of the hearing whether he had reviewed sentencing materials with counsel, whether he had any questions about the sentencing materials that counsel could not answer, and whether the information contained in the sentencing materials was correct. Garcia answered only "Yes, your Honor," and "No, your Honor." Additionally, Garcia's brief to this court specifies the arguments he would have made during allocution. *See Avila–Cortez,* 582 F.3d at 606–07. The only factor weighing against correcting the error is that defense counsel offered several arguments on Garcia's behalf, *see Magwood,* 445 F.3d at 830, and this factor does not determine whether we exercise our discretion. *See Avila–Cortez,* 582 F.3d at 606–07.

Accordingly, we VACATE the sentence and REMAND FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.