**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 9, 2012

No. 11-40892
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS MONTALVO-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-609-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jesus Montalvo-Rodriguez (Montalvo) appeals his sentence for having been found unlawfully present in the United States following a prior deportation. He asserts that the district court plainly erred by denying him an opportunity for allocution. As the Government concedes, the district court violated Rule 32 of the Federal Rules of Criminal Procedure by failing to allow Montalvo an opportunity to address the court before it imposed his sentence. The error was clear or obvious. *See United States v. Reyna*, 358 F.3d 344, 350

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40892

(5th Cir. 2004) (en banc). We presume that the error violated Montalvo's substantial rights because the defense disputed, on several grounds, whether Montalvo should receive a downward departure or variance. *See id.* at 352.

In light of the particular facts of this case, we exercise our discretion to correct the error. It occurred during Montalvo's initial sentencing and not at a revocation hearing. *See United States v. Avila-Cortez*, 582 F.3d 602, 605-06 (5th Cir. 2009); *Reyna*, 358 F.3d at 352. Montalvo was given no opportunity to speak before the district court imposed the sentence. *See Avila-Cortez*, 582 F.3d at 607; *United States v. Magwood*, 445 F.3d 826, 829-30 (5th Cir. 2006). The district court personally addressed Montalvo only once before imposing the sentence, when it asked at the outset of the hearing whether he understood why he was there, whether he had reviewed sentencing materials with counsel, and whether he understood his sentencing range, which was reduced upon the Government's motion that Montalvo receive an additional one-point reduction for acceptance of responsibility. Montalvo answered only, "Yes." Additionally, Montalvo's brief to this court specifies the arguments he would have made during allocution. *See Avila-Cortez*, 582 F.3d at 606-07. The only factor weighing against correcting the error is that defense counsel offered several arguments on Montalvo's behalf. *See Magwood*, 445 F.3d at 830. We have previously exercised our discretion to correct an error even when counsel has offered arguments on a defendant's behalf at sentencing. *See Avila-Cortez*, 582 F.3d at 606-07. Under the facts of this case, we opt to do so here.

Accordingly, we VACATE the sentence and REMAND FOR RESENTENCING.