# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2014

Lyle W. Cayce
Clerk

No. 13-50751

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO GONZALEZ-REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 12-CR-1797-1

Before STEWART, Chief Judge, BENAVIDES and OWEN, Circuit Judges.

PER CURIAM:*

## I.    BACKGROUND

Roberto Gonzalez-Reyes (Gonzalez) pleaded guilty to one count of illegal reentry. He received a 16-level enhancement because he previously had been deported following his conviction of a crime of violence, to wit: aggravated assault under Texas law. U.S.S.G. § 2L1.2(b)(1)(A)(ii). His total offense level of 21, coupled with his criminal history category of III, resulted in a guidelines range of 46-57 months of imprisonment. U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50751

Gonzalez was one of several defendants sentenced during the same hearing. The district court did not personally address Gonzalez or afford him an opportunity to speak on his own behalf. The district court exclusively addressed Gonzalez's attorney and the attorney for the government. Gonzalez's attorney argued for a downward departure to a sentence of no more than 24 months because, among other things, Gonzalez's Texas aggravated assault conviction did not qualify as an aggravated assault under 8 U.S.C. § 1101(a)(43). § 2L1.2 comment. (n.7). The district court declined to downwardly depart, noting that, according to the PSR, Gonzalez had hit his victim in the forearm and head with a machete during the aggravated assault. The district court sentenced Gonzalez at the bottom of the guidelines range to 46 months of imprisonment, explaining that the sentence was attributable to the seriousness of Gonzalez's criminal history and the need to deter his criminal conduct; the court summarized: "[Gonzalez's] record is a sorry one and that's the reason for the Court's sentence." Gonzalez did not object to the sentence. He timely filed a notice of appeal.

II.     DENIAL OF ALLOCUTION

Gonzalez argues that the district court erred when it failed to provide him an opportunity to allocute at the sentencing hearing. FED. R. CRIM. P. 32(i)(4). Gonzalez raises this issue for the first time on appeal. When a defendant fails to object to the denial of an opportunity to allocute, this Court reviews for plain error. *United States v. Reyna,* 358 F.3d 344 (5th Cir. 2004) (en banc). "We find plain error only if: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Gracia-Cantu,* 302 F.3d 308, 310 (5th Cir. 2002). If the first three elements are shown, we have the discretion to correct the district court's error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Here, it is undisputed that because the court failed to personally address Gonzalez and allow him to speak in mitigation of his sentence, the error is plain and obvious. *Reyna,* 358 F.3d at 350. Thus, the next question is whether the error affected Gonzalez's substantial rights. The district court sentenced Gonzalez at the bottom of the guideline range. This Court will presume that Gonzalez's substantial rights were affected if he shows there was an opportunity for the error "to have played a role in the district court's sentencing decision." *Id.* at 351-52 (internal quotation marks and citation omitted). In the case of a sentence at the bottom of the applicable guidelines range, the presumption applies when the district court has "rejected arguments by the defendant that would have resulted in a lower sentence." *Id.* at 353. As the district court rejected Gonzalez's argument for a downward departure, this Court presumes that the error affected his substantial rights. *See id.* at 353; *see also United States v. Montalvo-Rodriguez,* 476 F. App'x 28, 29 (5th Cir. 2012) (applying presumption when the defense requested a downward departure or variance).

Although the first three elements have been satisfied, we may not exercise our discretion to correct the district court's error unless it seriously affects the fairness, integrity or public reputation of the proceedings. *Reyna,* 358 F.3d at 352 (citation and internal quotation marks omitted). We have declined to adopt the rule that if there is prejudice, the error always requires correction. *Id.* However, having found clear or obvious error under Rule 32(i)(4)(A)(ii) that affected a defendant's substantial rights, this Court "will ordinarily remand for resentencing." *Id.* at 353. Nonetheless, in a "limited class of cases," the record may reveal that the denial of the right of allocution does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* Examples of this limited class of cases include instances when "the defendant had a prior opportunity to allocute, or [when] the defendant

fails to explain [on appeal] what exactly he or she would have said during allocution that might mitigate the sentence." *United States v. Avila-Cortez*, 582 F.3d 602, 606 (5th Cir. 2009). Whether a case falls within this limited class is a "highly fact-specific inquiry." *Id.* at 605.

Gonzalez argues that this Court should exercise its discretion, vacate his sentence, and remand for resentencing. He stresses that he was afforded no opportunity to address the district court and that he had not allocuted previously. He asserts that if he had been given that opportunity, he "could have addressed the court's concerns about his aggravated assault conviction" and "could have explained why, after eighteen years of living and working in the United States . . . he committed an aggravated assault at age 32."

Relying on *United States v. Neal,* the government argues that Gonzalez failed to allege specific facts that would have convinced the court to impose a more lenient sentence. 212 F. App'x 328 (5th Cir. 2007). *Neal* is inapposite. In that case, the "district court allowed Neal to speak, asking him 'Anything else you want to tell me?' and 'Anything else?'" *Id.* at 332.

In *Avila-Cortez,* this Court observed that the defendant had never been "given any opportunity whatsoever to speak to the court, which is unlike any of the cases in which we have declined to exercise our discretion to correct the error." 582 F.3d at 607. Here, not only was Gonzalez never given any opportunity to speak, the court never personally addressed him. After reviewing the record, we conclude that the failure to provide Gonzalez an opportunity to allocute before imposing sentence was plain error that affects Gonzalez's substantial rights and seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Accordingly, we exercise our discretion and vacate the sentence and remand for resentencing.

VACATED AND REMANDED.