# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50390
c/w No. 15-50392

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUGO VILLA-LUJAN,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:14-CR-687-1
USDC No. 4:09-CR-306-1

Before JOLLY, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hugo Villa-Lujan appeals the 37-month sentence imposed following his guilty plea for illegal reentry and the consecutive eight-month sentence imposed following the revocation of his supervised release for a prior illegal reentry offense. *See* 8 U.S.C. § 1326(a); 18 U.S.C. § 3583(e). Villa-Lujan argues the district court denied him his right to allocution. Because Villa-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50390
c/w No. 15-50392

Lujan did not object in the district court that he was denied his right to allocution, our review is for plain error. *See United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc). We first ask "whether the district court committed an 'error that is plain and that affect[s] substantial rights.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "If those criteria are met, we have the discretion to correct the forfeited error but should do so only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.*

Although Villa-Lujan and the district court extensively discussed several topics before the imposition of his sentences, the district court erred because it did not give Villa-Lujan an opportunity to speak on any subject in mitigation of his sentences. This error is plain, *i.e.*, it is "obvious." *See Reyna*, 358 F.3d at 350. The Government argues the error was not plain because the district court personally addressed Villa-Lujan; Villa-Lujan spoke over ten times; and the court received full, detailed answers in response to its questions. The Government also points out Villa-Lujan's counsel noted the staleness of Villa-Lujan's marijuana conviction. Even so, the district court erred in not stating "unequivocally" that Villa-Lujan "had a right to speak on any subject of his choosing prior to the imposition of sentence." *See United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006) (citation and quotation marks omitted).

Regarding whether the error affected Villa-Lujan's substantial rights, Villa-Lujan argues he is entitled to a presumption of prejudice because the denial of allocution prevented him and his counsel from raising an argument for a downward departure pursuant to U.S.S.G. § 2L1.2, comment n.7. *See Reyna*, 358 F.3d at 351–52. The record demonstrates, however, that Villa-Lujan had ample opportunity, either before or during the sentencing hearing,

2

to move for a downward departure. Two of our previous opinions are illustrative. In one, the defendant was denied allocution, and we presumed the error violated the defendant's substantial rights "because the defense disputed, on several grounds, whether [the defendant] should receive a downward departure or variance." *United States v. Montalvo-Rodriguez*, 476 F. App'x 28, 29 (5th Cir. 2012). In the other, the defendant was also denied allocution; we presumed the error affected the defendant's substantial rights even though he was sentenced at the bottom of the Guidelines range because "the district court rejected [the defendant's] argument for a downward departure . . . ." *United States v. Gonzalez-Reyes*, 582 F. App'x 302, 303–04 (5th Cir. 2014). Quite differently, Villa-Lujan failed to advance any argument for downward departure or variance, or for a different Guidelines calculation, despite having the opportunity to do so. His sentences represented the bottom of the ranges recommended by the Guidelines and by the policy statements set forth in the Guidelines. *See Reyna*, 358 F.3d at 353.

Because Villa-Lujan was sentenced at the bottom of the ranges recommended by the Guidelines and has made no plausible argument about how he was prejudiced, there is no presumption of prejudice and no effect on his substantial rights. *See id.* at 351–53.

AFFIRMED.