# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50804

Consolidated with
Case No. 15-50808

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

RAMIRO MONTOYA-DE LA CRUZ,

      Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Ramiro Montoya-De La Cruz ("Montoya") challenges his sentences for illegal reentry and violation of the terms of his supervised release on the ground that the district court plainly erred by failing to provide him an opportunity to allocute before pronouncing his sentences. We AFFIRM.

## I.

Montoya was convicted of illegal entry in 2012 and illegal entry after deportation in 2012 and in 2013, receiving a probationary sentence each time. He was last deported from the United States in 2013. By 2014, Montoya was

No. 15-50804
Cons. w/ No. 15-50808

back in the United States, where he again violated the law. This time he was convicted of aggravated driving while under the influence of alcohol, driving without a driver's license, and driving on the wrong side of the road, receiving a sentence of ninety days in custody, eighty-eight of which were suspended.

In April 2015, Border Patrol agents again found Montoya in the United States—this time with a group of other undocumented Mexican nationals traveling to Lubbock, Texas, to seek work. Montoya pleaded guilty to illegal reentry after deportation. The Government then moved to revoke Montoya's probation for his 2013 illegal entry offense.

In August 2015, the district court, Chief Judge Biery presiding, simultaneously conducted the sentencing hearing on Montoya's 2015 illegal reentry offense and on revocation of his probation for his 2013 illegal reentry offense.[1] This was the second time that Montoya appeared before Judge Biery, who had been the sentencing judge for Montoya's 2013 offense.

At the sentencing hearing, the district court provided the applicable Guidelines range for each offense and asked counsel whether there was "[a]nything that would change that." Counsel responded "No." The court then asked defense counsel whether there was "any legal reason why . . . [Montoya's] supervised release should not be revoked." Defense counsel again said "No" and made no further comments during the hearing.

The district court then addressed Montoya. He asked him whether he was "the same Ramiro Montoya-De La Cruz who's convicted here on illegal reentry again," to which Montoya responded, "Yes, sir." The court then asked him why he kept coming back if he kept getting caught. Montoya responded, "Out of need." The court asked how much money he made while he was locked

---

[1] The proceedings were conducted with the assistance of the court interpreter because Montoya only speaks Spanish.

No. 15-50804
Cons. w/ No. 15-50808

up; he responded that he made none. The court noted that Montoya had repeatedly been in federal court and asked, "So you know you're going to get caught, right?" Montoya answered, "Yes, sir." The court asked, "Once you finish your punishment in these cases, what do you plan to do?" Montoya replied, "Stay in my country, sir." The court responded, "Okay. Because next time—instead of a couple of years in prison, next time it'll be four years, and the next time it'll be seven or eight. Do you understand now how it works?" Montoya again answered, "Yes, sir."

The district court sentenced Montoya to fifteen months of imprisonment and three years of supervised release for the 2015 illegal entry offense. The court also revoked Montoya's probation and sentenced him to eight months of imprisonment to run consecutively to his sentence for the new offense. Both sentences were at the bottom of the advisory Guidelines range. Montoya confirmed that he understood his sentences, and neither he nor his counsel objected to either sentence.

Montoya has timely appealed.[2] He contends that the district court plainly erred by denying him his right to allocute before sentencing him in contravention of Federal Rule of Criminal Procedure 32.[3]

## II.

Because Montoya did not object in the district court to the denial of his right to allocution, we review his claim for plain error. *United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc). Therefore, to prevail, Montoya

---

[2] Montoya was released from prison on August 12, 2016, but remains subject to a three-year term of supervised release. Therefore, his appeal is not moot.

[3] Rule 32 requires the sentencing court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence" before imposing sentence. FED. R. CRIM. P. 32(i)(4)(A)(ii).

No. 15-50804

Cons. w/ No. 15-50808

must show: (1) "an error or defect"; (2) that is "clear or obvious, rather than subject to reasonable dispute"; and (3) that "affect[s] [his] substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations omitted). If those three requirements are met, we have discretion to correct the error, but "only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (citation omitted).

### A.

We begin by considering whether the district court committed plain error by failing to offer Montoya the opportunity to allocute before sentencing him.

Montoya contends that, although the court engaged in a brief colloquy with him, this exchange did not comply with Rule 32 because the court never clearly and unequivocally offered him the right to speak on any subject of his choosing before sentencing. Further, Montoya argues, the court's questions were driven by its concerns, not his interest in receiving a lower sentence.

The Government counters that the district court complied with Rule 32 by asking Montoya open-ended questions that encompassed mitigation issues such as why he committed the same crime again and how he planned to avoid recidivistic behavior in the future.

The district court plainly erred by failing to offer Montoya an allocution opportunity before pronouncing his sentences. We have long required strict compliance with Rule 32.[4] Thus, "[i]n order to satisfy Rule 32, the district court

---

[4] *See, e.g.*, *United States v. Palacios*, 844 F.3d 527, 531 (5th Cir. 2016) (holding that a discussion between the district court and defendant regarding credit for acceptance of responsibility was not "a specific and unequivocal opportunity to speak in mitigation of his sentence"); *United States v. Montalvo-Rodriguez*, 476 F. App'x 28, 29 (5th Cir. 2012) (holding that it was plain error for the district court to not allow the defendant an opportunity to address the court before imposing his sentence, even though the court asked the defendant several questions and defense counsel made several arguments on the defendant's behalf); *United States v. Perez*, 460 F. App'x 294, 297, 299–300 (5th Cir. 2012) (holding that the district court's questioning of defendant on several factual topics did not provide him "an

No. 15-50804

Cons. w/ No. 15-50808

must communicate 'unequivocally' that the defendant has a right to allocute" by making "a personal inquiry directed to the defendant." *United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006) (citations omitted). "[I]t is not enough that the sentencing court addresses a defendant on a particular issue, affords counsel the right to speak, or hears the defendant's specific objections to the presentence report." *Echegollen-Barrueta*, 195 F.3d at 789 (citation and internal quotations omitted). "[T]he court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." *Id.* (citation omitted).

The district court's brief colloquy with Montoya fell short of strict compliance with Rule 32. The court did not unequivocally state that Montoya had a right to speak on any subject he chose before his sentence was imposed. *See United States v. Villa-Lujan*, 661 F. App'x 285, 286 (5th Cir. 2016) (holding that, even though the defendant "and the district court extensively discussed several topics before the imposition of his sentences, the district court [plainly] erred because it did not [unequivocally] give [the defendant] an opportunity to speak on any subject in mitigation of his sentences"). Moreover, the court only addressed Montoya on particular issues, which is not enough to satisfy Rule 32. *See Echegollen-Barrueta*, 195 F.3d at 789 (citation omitted). And the record does not clearly and convincingly demonstrate that Montoya knew he had a right to speak on any subject he chose before he was sentenced. *See id.* (citation omitted). Accordingly, we hold that the district court erred by failing

---

opportunity to speak on any topic of his choosing," which plainly denied him the right to allocute); *United States v. Echegollen-Barrueta*, 195 F.3d 786, 789–90 (5th Cir. 1999) (holding that the district court's personal address to defendant, "asking twice whether he had 'anything to say,'" failed to satisfy Rule 32 when the defendant's answers demonstrated that he may not have understood that he had a right to speak on any subject of his choosing).

to provide Montoya with an allocution opportunity. "Given the clear language of the rule and . . . Supreme Court case law . . . , this error was obvious or plain." *Reyna*, 358 F.3d at 350.

### B.

Next, we consider whether the district court's error affected Montoya's substantial rights.

Montoya does not attempt to establish that the error here was actually prejudicial. Moreover, he acknowledges that: he was sentenced at the bottom of the applicable Guidelines ranges; he had an extensive colloquy with the sentencing judge; neither he nor his counsel made any arguments for a downward variance; and, when asked whether he had any reason to dispute the Guidelines ranges, his counsel stated that he did not. Nevertheless, Montoya contends that we should presume prejudice because neither he nor his attorney was given an opportunity to make arguments for a downward variance.[5]

The Government disputes that Montoya's counsel had no opportunity to make mitigation arguments and suggests that the Court may infer from defense counsel's failure to move for a downward variance that counsel knew such a motion would be frivolous.

We conclude that the district court's error did not affect Montoya's substantial rights. Where, as here, the error was the denial of the defendant's allocution right, we generally "presume that [a defendant]'s substantial rights were affected if he shows there was an opportunity for the error 'to have played a role in the district court's sentencing decision.'" *United States v. Gonzalez-*

---

[5] Rule 32 also requires the district court to "provide the defendant's attorney an opportunity to speak on the defendant's behalf" before imposing sentence. FED. R. CRIM. P. 32(i)(4)(A)(i). Montoya does not, however, specifically claim a violation of this provision.

*Reyes*, 582 F. App'x 302, 304 (5th Cir. 2014) (quoting *Reyna*, 358 F.3d at 351–52). Under *Reyna* we presume prejudice to a defendant who was not sentenced at the bottom of the correct Guideline range, but, as we explained in *Reyna*, where, as here, a defendant is sentenced at the bottom of the applicable Guidelines ranges, prejudice should only be presumed if "the district court has 'rejected arguments by the defendant that would have resulted in a lower sentence.'" *E.g.*, *id.* (quoting *Reyna*, 358 F.3d at 353); *Montalvo-Rodriguez*, 476 F. App'x at 29.

Montoya cannot satisfy this requirement. He never proffered any arguments that would have resulted in a lower sentence. Moreover, in similar situations, we have declined to presume prejudice.

In *United States v. Jimenez-Laines*, the defendant, who was sentenced at the bottom of the Guideline range and never argued for a lower sentence, was denied his right to allocute. 354 F. App'x 889, 894–895 (5th Cir. 2009). On plain error review, we rejected the defendant's argument that, under these circumstances, his substantial rights were affected because *Reyna*, we explained,

> contemplated that at least some—and perhaps all—defendants who were denied allocution at revocation sentencing, but who nevertheless received a sentence at the bottom of the guideline range, and who never even advanced arguments that might have resulted in a lower sentence, would not be owed a presumption of prejudice on plain-error review.

*Id.* at 895.

We reached the same conclusion in *United States v. Villa-Lujan*—a case nearly indistinguishable from this one. In that case, which was also on plain error review, the defendant, who was denied the right to allocute, pleaded guilty to the same offenses as Montoya, had an extensive colloquy with the

No. 15-50804
Cons. w/ No. 15-50808

judge, was sentenced at the bottom of the applicable Guidelines ranges, and did not argue for a downward variance or a different Guidelines calculation. *Villa-Lujan*, 661 F. App'x at 286–87. The defendant made the same argument as to the presumption of prejudice that Montoya now makes. *Id.* at 286. We rejected that argument, holding that the defendant "had ample opportunity, either before or during the sentencing hearing, to move for a downward departure . . . or variance, or for a different Guidelines calculation" and that, given his failure to do so, we would not presume that he was prejudiced by the denial of allocution. *Id.* at 286–87.

We are presented with no reason to depart from these applications of *Reyna*. Accordingly, we hold that the district court's error in denying Montoya his allocution rights did not affect Montoya's substantial rights. Thus, Montoya has not met his burden of showing that the court committed reversible plain error.

### III.

For the foregoing reasons, we AFFIRM the district court's sentences.

No. 15-50804
Cons. w/ No. 15-50808

JAMES E. GRAVES, JR., Circuit Judge, dissenting:

Federal Rule of Criminal Procedure 32 requires the district court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence" before imposing sentence. Fed. R. Crim. P. 32(i)(4)(A)(ii). Rule 32 guarantees the defendant's right to allocution, "an important, highly respected right" that "is deeply rooted in our legal tradition." *United States v. Reyna*, 358 F.3d 344, 349 (5th Cir. 2004) (en banc). Indeed, the right has been enshrined in our jurisprudence since before the founding of this country. *Green v. United States*, 365 U.S. 301, 304 (1961).

It serves several important functions. "First, it gives the defendant one more opportunity before conviction 'to throw himself on the mercy of the court.'" *United States v. Dabeit*, 231 F.3d 979, 981 (5th Cir. 2000), *abrogated by Reyna*, 358 F.3d 344. "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Green*, 365 U.S. at 304. The right "also has symbolic importance, 'maximizing the perceived equity of the [sentencing] process.'" *Dabeit*, 231 F.3d at 981.

The majority recognizes that given the importance of the right to allocution, we have long required nothing less than strict compliance to satisfy Rule 32. The majority then concludes that the district court plainly erred by failing to offer Montoya his right to allocute. But it then holds that Montoya's substantial rights were not affected. What it gives with one hand, it takes with the other. It justifies this move by declining to afford Montoya the presumption of prejudice that our post-*Reyna* cases have applied. *See Reyna*, 358 F.3d at 351–52 (holding that we should "presume prejudice when a defendant shows a violation of the right and the opportunity for such violation to have played a role in the district court's sentencing decision") (quoting *United States v.*

9

No. 15-50804
Cons. w/ No. 15-50808

*Adams*, 252 F.3d 276, 287 (3d Cir. 2001)); *see also, e.g.*, *United States v. Gonzalez-Reyes*, 582 F. App'x 302, 304 (5th Cir. 2014); *United States v. Montalvo-Rodriguez*, 476 F. App'x 28, 29 (5th Cir. 2012); *United States v. Garcia*, 456 F. App'x 504, 505 (5th Cir. 2012).  Yet in doing so, the majority apparently applies its own presumption—that Montoya was *not* prejudiced by the denial of his right to speak for himself on any topic of his choosing.

On the record before us, I fail to see how we can definitively conclude that nothing Montoya would have said would have made any difference. Particularly so, given that Montoya describes in his brief several statements he would have made had he allocuted.  When a defendant has specified arguments in favor of mitigation that he would have made, if properly given the opportunity, we have in the past remanded for resentencing because we recognized that the denial of the right to allocution in such circumstances "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *See, e.g.*, *United States v. Avila-Cortez*, 582 F.3d 602, 607 (5th Cir. 2009); *see also United States v. Palacio*s, 844 F.3d 527, 533–34 (5th Cir. 2016); *United States v. Aguirre-Romero*, 16-40231, 2017 WL 728694, at \*4–5 (5th Cir. Feb. 23, 2017), *as revised* (Feb. 24, 2017); *United States v. Perez*, 460 F. App'x 294, 301 (5th Cir. 2012); *United States v. Lister*, 229 F. App'x 334, 339 (5th Cir. 2007).  There is no significant difference between these cases and the case at bar.  If anything, Montoya's inability to speak on his own behalf was more prejudicial, rather than less, because his counsel also failed to offer any arguments in favor of mitigation.

When the legal tradition is as old as this, the right is as important as this, and the rule is as clear as this, the sentencing judge simply needs to follow the rule.

I respectfully dissent.