JAMES E. GRAVES, JR., Circuit Judge,
dissenting:
Federal Rule of Criminal Procedure 32 requires the district court to “address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence” before imposing sentence. Fed. R. Crim. P. 32 (i) (4) (A) (ii). Rule 32 guarantees the defendant’s right to allocution, “an important, highly respected right” that “is deeply rooted in our legal tradition.” United States v. Reyna, 358 F.3d 344, 349 (5th Cir. 2004) (en banc). Indeed, the right has been enshrined in our jurisprudence since before the founding of this country. Green v. United States, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961).
It serves several important functions. “First, it gives the defendant one more opportunity before conviction ‘to throw himself on the mercy of the court.’ ” United States v. Dabeit, 231 F.3d 979, 981 (5th Cir. 2000), abrogated by Reyna, 358 F.3d 344. “The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.” Green, 365 U.S. at 304, 81 S.Ct. 653. The right “also has symbolic importance,'‘maximizing the perceived equity of the [sentencing] process.’ ” Dabeit, 231 F.3d at 981.
The majority recognizes that given the importance of the right to allocution, we have long required nothing less than strict compliance to satisfy Rule 32. The majority then concludes that the district court plainly erred by failing to offer Montoya his right to allocute. But it then holds that Montoya’s substantial rights were not affected. What it gives with one hand, it takes with the other. It justifies this move by declining to afford Montoya the presumption of prejudice that our post -Reyna cases have applied. See Reyna, 358 F.3d at 351-52 (holding that we should “presume prejudice when a defendant shows a violation of the right and the opportunity for such violation to have played a role in the district court’s sentencing decision”) (quoting United States v. Adams, 252 F.Sd 276, 287 (3d Cir. 2001)); see also, e.g., United States v. Gonzalez-Reyes, 582 Fed.Appx. 302, 304 (5th Cir. 2014); United States v. Montalvo-Rodriguez, 476 Fed.Appx. 28, 29 (5th Cir. 2012); United States v. Garcia, 456 Fed.Appx. 504, 505 (5th Cir. 2012). Yet in doing so, the majority apparently applies its own presumption — that Montoya was not prejudiced by the denial of his right to speak for himself on any topic of his choosing.
On the record before us, I fail to see how we can definitively conclude that nothing Montoya would have said would have made any difference. Particularly so, given that Montoya describes in his brief several statements he would have made had he allocuted. When a defendant has specified arguments in favor of mitigation that he would have made, if properly given the opportunity, we have in the past remanded for resentencing because we recognized that the denial of the right to allocution in such circumstances “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” See, e.g., United States v. Avila-Cortez, 582 F.3d 602, 607 (5th Cir. 2009); see also United States v. Palacios, 844 F.3d 527, 533-34 (5th Cir. 2016); United States v. Aguirre-Romero, 16-40231, 680 Fed.Appx. 291, 296-97, 2017 *607 WL 728694, at *4-5 (6th Cir. Feb. 23, 2017), as revised (Feb. 24, 2017); United States v. Perez, 460 Fed.Appx. 294, 301 (5th Cir. 2012); United States v. Lister, 229 Fed.Appx. 334, 339 (5th Cir. 2007). There is no significant difference between these, cases and the case at bar. If anything, Montoya’s inability to speak on his own behalf was more prejudicial, rather than less, because his counsel also failed to offer any arguments in favor of mitigation.
When the legal tradition is as old as this, the right is as important as this, and the rule is as clear as this, the sentencing judge simply needs to follow the rule.
I respectfully dissent.