# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2024

Lyle W. Cayce
Clerk

_____

No. 23-30311

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Charles Dirk Lafleur,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CR-202-1

_____

Before Southwick, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Charles Dirk Lafleur appeals his 78-month sentence,[1] arguing that the district court plainly erred by denying him the opportunity to allocute before sentencing. For the reasons set forth below, we AFFIRM the sentence.

## I.    Background

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Lafleur pleaded guilty to possession of prepubescent child pornography.

No. 23-30311

Charles Dirk Lafleur pleaded guilty to possession of prepubescent child pornography pursuant to a written agreement with the Government that did not include a waiver of the right to appeal his sentence. The presentence report (PSR) recommended a Sentencing Guidelines range of 78 to 97 months. The PSR further noted that Lafleur's parents were elderly and suffered from various infirmities, and that Lafleur served as their primary caretaker. Lafleur's counsel did not object to the PSR or submit a sentencing memorandum.

At sentencing, Lafleur's counsel requested a sentence at the lower end of the Guidelines range and in mitigation, argued that Lafleur (1) had accepted responsibility and had no history of similar conduct; (2) suffered from several mental and physical conditions; (3) had been taking prescribed medications, including narcotics; and (4) the medications rendered him homebound and suggested that affected his judgment. Defense counsel further asked the court to allow Lafleur to remain on release for 30 days because he was the sole caretaker for his elderly parents and he might not see them again if given a lengthy custodial sentence. In response, the district court and defense counsel engaged in the following colloquy:

> THE COURT: Well, I mean, the presumption is that he goes into custody immediately, and my concern, you know, along with the mental health, the PSR notes that he's failed a drug test since he's been on supervision, and I'm concerned about a downward spiral, you know, after this proceeding, but what I'd like to do is I'd like to -- I'd like you to finish, and I'd like to hear from the defendant. He has an opportunity to address the Court if he wishes. He does not have to if he does not, but I want to give him that opportunity.
>
> [DEFENSE COUNSEL]: Yes, Your Honor. I just make a request for these things, and my client would not like -- doesn't want to -- he asked me to talk to you on his behalf, and he does not want to make a statement.

2

They then discussed whether Lafleur had family who could assume his caretaking duties, and Lafleur's uncle was allowed to testify regarding that issue. He explained that Lafleur took care of all of their needs, including transportation, grocery shopping, and picking up their medicine from the drugstore. He further stated that neither he nor Lafleur's two siblings could provide the type of care that Lafleur had provided and that his incarceration would "put a tremendous burden on the family." The district court then sentenced Lafleur to 78 months of imprisonment to be followed by a 10-year term of supervised release. It granted his request to remain on release for 30 days so he could make arrangements for his parents' care, but in doing so, the court noted it was "against [its] better judgment."

After sentencing, Lafleur sent the district court a letter stating his intent to appeal his sentence and requested reconsideration of his sentence. The district court construed the letter as a pro se notice of appeal. The letter was filed outside of the 14-day limitations period for filing a notice of appeal but within the 30-day period for requesting an extension of time to file an appeal.

## II.    Jurisdiction & Standard of Review

The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under § 1291.[2]

---

[2] Although Lafleur did not file a formal notice of appeal, we conclude that the letter "clearly evinces [Lafleur's] intent to appeal" as it explicitly states at the outset, "I am writing to request to appeal my sentence," Lafleur was proceeding pro se, and except in limited circumstances not applicable here, Lafleur's only available avenue post judgment of conviction was to appeal his sentence. *See United States v. Hoffman*, 70 F.4th 805, 811 (5th Cir. 2023) (per curiam). Therefore, we construe the letter as a notice of appeal. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam). Further and importantly, the government has waived any argument that Lafleur filed an untimely notice of appeal. *See United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007) (per curiam) (explaining

No. 23-30311

Because Lafleur "did not object in the district court that he was denied his right to allocute," we review for plain error. *United States v. Chavez-Perez*, 844 F.3d 540, 543 (5th Cir. 2016). We apply Rule 52(b)'s plain error rule in the allocution context by first asking "whether the district court (1) committed an error, (2) that is clear and obvious, and (3) that affected the defendant's substantial rights." *Id.* "If those criteria are met, we have the discretion to correct the forfeited error but should do so only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

## III.    Discussion

Lafleur contends that the district court committed clear error by failing to personally address him and ascertain whether he wanted to make a statement on his behalf at sentencing in violation of his right to allocution. Even if we assume arguendo that the district court committed clear error that affected Lafleur's substantial rights, reversal is not warranted because the error did not "seriously affect the fairness, integrity or public reputation of judicial proceedings."

### A.  Right to Allocution

Under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), "[b]efore imposing sentence, the court must . . . address the defendant personally in

---

the time for filing a notice of appeal in a criminal case is non-jurisdictional and can be waived).

4

order to permit the defendant to speak or present any information to mitigate the sentence." "We have long required strict compliance with Rule 32." *United States v. Montoya*, 861 F.3d 600, 603 (5th Cir. 2017). "Thus, in order to satisfy Rule 32, the district court must communicate 'unequivocally' that the defendant has a right to allocute by making a personal inquiry directed to the defendant." *Id.* at 604–05 (internal quotation marks and citation omitted) (cleaned up).

Here, the district court did very clearly communicate that Lafleur had a right to "address the [c]ourt." However, we have imposed a very strict rule as to the allocution opportunity that Rule 32 requires. *See United States v. Palacios*, 844 F.3d 527, 531 (5th Cir. 2016) (concluding the defendant was not "given a specific and unequivocal opportunity to speak" because the court's opened-ended question was plausibly directed to the defendant's attorney). As such, like *Palacios*, one could argue that the district court in this case erred by making the statement to defense counsel. As noted above, the district court, addressing defense counsel, stated "what I'd like to do is . . . I'd like you to finish, and I'd like to hear from the defendant. He has an opportunity to address the Court if he wishes. He does not have to if he does not, but I want to give him that opportunity." Of course, the defendant could hear that and be aware of that and, importantly, defense counsel stated that Lafleur "asked me to talk to you on his behalf, and he does not want to make a statement." For that reason, the district court understandably did not make any further allocution inquiries.[3] Nonetheless, several of our sister circuits have held that inquiries directed to defense counsel, by themselves, are

---

[3] Given the strictness of the allocation opportunity notification, it is best for a district judge to directly advise the defendant regardless of whether the defense counsel says the defendant does not wish to speak.

insufficient. *See, e.g.*, *United States v. Noel*, 581 F.3d 490, 502 (7th Cir. 2009); *United States v. Adams*, 252 F.3d 276, 279 (3d Cir. 2001).

One could also argue that the district court's inquiry does not appear to unequivocally convey the message that Lafleur had a right "to speak on any subject of his choosing prior to the imposition of sentence." *United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006). Although one could reasonably argue that this was not a clear error given the context, we assume arguendo that Lafleur has shown the district court committed plain error and now consider whether this error affected Lafleur's substantial rights.

## B. Defendant's Substantial Rights

"Ordinarily, in order to establish that an error affects substantial rights, a defendant must establish that the error was prejudicial, i.e., that it affected the outcome of the district court proceedings." *Id.* (quotation omitted) (cleaned up). In cases involving the right to allocution, we presume that the defendant's substantial rights were affected if "the record reveals that the district court did not sentence at the bottom of the guideline range or if the court rejected arguments by the defendant that would have resulted in a lower sentence." *Id.* (quotation omitted). Lafleur is not entitled to a presumption of prejudice on this ground because the district court sentenced him at the bottom of the Guideline range. Instead, he argues that his mitigating evidence—that he was the sole caregiver for his elderly and sick parents—would have resulted in a sentence below the Guideline range but above the statutory minimum. Several of our sister circuits that have considered this issue have concluded that such a showing is sufficient to establish a presumption of prejudice in a post-*Booker*[4] world. *See, e.g.*, *United States v. Doyle*, 857 F.3d 1115, 1120–21 (11th Cir. 2017); *United States v.*

---

[4] *United States v. Booker*, 543 U.S. 220 (2005).

No. 23-30311

*Gonzalez-Melendez*, 594 F.3d 28, 38 (1st Cir. 2010); *United States v. Luepke*, 495 F.3d 443, 451 (7th Cir. 2007); *United States v. Bustamante-Conchas*, 850 F.3d 1130, 1140–41 (10th Cir. 2017). Yet again, a reasonable argument could be made that the alleged error did not affect Lafleur's substantial rights since defense counsel did not even request a sentence below the minimum guideline number, which is what Lafleur received. Nonetheless, we will again assume arguendo that Lafleur has shown the district court's plain error affected his substantial rights and turn to whether we should exercise our discretion to correct said error.

### C. Discretion to Correct the Error

"While we will ordinarily remand for resentencing if a district court commits plain error that affects a defendant's substantial rights by denying the right of allocution, we have decline[d] to adopt a blanket rule that once prejudice is found under the rule stated above, the error invariably requires correction." *Chavez-Perez*, 844 F.3d at 544–45 (alteration in original) (internal quotation marks and citation omitted). "Instead, we conduct a thorough review of the record to determine . . . whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings, compelling our exercise of discretion to correct it." *Id.* at 545 (alteration in original) (internal quotation marks and citation omitted). "[T]his is a highly fact-specific inquiry," involving numerous factors. *United States v. Avila-Cortez*, 582 F.3d 602, 605 (5th Cir. 2009). "In most allocution appeals, to prevail, defendants will have to show some objective basis that would have moved the trial court to grant a lower sentence; otherwise, it can hardly be said that a miscarriage of justice has occurred." *Chavez-Perez*, 844 F.3d at 545 (internal quotation marks and citation omitted).

Under the circumstances presented here, we conclude that there is no objective basis that would have moved the trial court to grant a lower sentence. The district court was well aware of Lafleur's status as the sole

7

care giver for his parents from the testimony his uncle gave at sentencing along with the presentence investigation report. Despite this information, the district court begrudgingly granted Lafleur a 30-day delay in reporting for service of sentence. This suggests that a personal statement from Lafleur would not have moved the district court to depart or deviate from the sentencing guidelines, especially on its own initiative. As such, given the specific facts of this case, Lafleur has failed to carry his burden on the fourth prong of the plain error analysis. *Magwood*, 445 F.3d at 830 (declining to correct an allocution error under the fourth prong; defense counsel had identified the defendant's attempts to reform himself as a mitigating factor, and the court's comments at sentencing showed the court had considered but rejected the argument).

## IV.    Conclusion

For the reasons set forth above, we AFFIRM the sentence. We REMAND solely for the district court to correct the judgment to reflect the statute on which Lafleur was convicted (18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)).